UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GHAZI MANNI,

       Petitioner,

                                                Case No. 17-13262
v.                                          Honorable Nancy G. Edmunds

WARDEN NICOLE ENGLISH,

       Respondent.
_____/

### ORDER GRANTING PETITIONER'S APPLICATION TO PROCEED WITHOUT PREPAYING THE FEES OR COSTS FOR THIS ACTION AND TRANSFERRING THE CASE TO THE DISTRICT OF KANSAS

Petitioner Ghazi Manni, a federal inmate incarcerated in Leavenworth, Kansas, recently filed a petition for the writ of habeas corpus under 28 U.S.C. § 2241 and an application to proceed without prepaying the fees or costs for this action. Petitioner seeks to correct the Federal Bureau of Prisons' calculation of his sentence. The Court grants Petitioner's application to proceed without prepayment of the fees or costs for this action, but because the Court has no jurisdiction over Petitioner's warden, the Court directs the Clerk of the Court to transfer this case to the District of Kansas. A brief history of the case and explanations for the Court's rulings follow.

### I. Background

The petition and exhibits indicate that, in 2013, a federal court jury in this District found Petitioner guilty of one count of being a felon in possession of a firearm and one count of being a felon in possession of ammunition. *See* 18 U.S.C. § 922(g). In 2014, former United States District Judge Julian Abele Cook sentenced Petitioner to two

concurrent terms of eighty-seven months in prison, followed by two years of supervised release. *See* Pet., Ex. A, ECF No. 1-1, Page ID 10; *United States v. Manni*, No. 2:13-cr-20224 (E.D. Mich. July 22, 2014). Petitioner appealed his conviction and sentence, and, at the parties' request, the United States Court of Appeals for the Sixth Circuit vacated Petitioner's sentence and remanded his case to the District Court for re-sentencing. *See United States v. Manni*, No. 14-1863 (6th Cir. Mar. 17, 2015) (unpublished). Judge Cook's successor, United States District Judge Mark A. Goldsmith, then re-sentenced Petitioner for a total of seventy months in prison, concurrent with the sentence in three other federal cases and with credit for time served. *See United States v. Manni*, No. 2:13-cv-20224 (E.D. Mich. June 26, 2015).

Petitioner alleges that, in 2017 he detected an error in the calculation of his sentence and his "outdate." He claims that the Federal Bureau of Prisons incorrectly aggregated two of his sentences, such that his sentence equals eighty-one months and seven days. He contacted prison officials about the problem, but none of the individuals that he contacted have been able to assist him. He now seeks expedited habeas relief on the basis that the Bureau of Prisons miscalculated his release date and extended his prison term to more than the District Court intended.

## II. Discussion

### A. The Application to Proceed without Prepaying Fees or Costs

Petitioner seeks permission to proceed without prepaying the filing fee for this case. Although he is represented by counsel, his attorney has agreed to represent him *pro bono*. *See* Pet. at 4, ECF No. 1, Page ID 4. And even though Petitioner has no

dependents, debts, or regular monthly expenses, he also alleges that he is not employed, that he has received no other income in the past twelve months, and that he has no money in a checking or savings accounts.  See Application to Proceed in District Court without Prepaying Fees or Costs, ECF No. 2, Page ID 18-19.  The Court, therefore, grants Petitioner's application to proceed without prepaying the fees and costs for this action.

### B.  The Habeas Petition

A preliminary issue on review of the habeas petition is whether the Court has jurisdiction over the respondent.  "[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner],' " that is, "the warden of the facility where the prisoner . . . . is being held, not the Attorney General or some other remote supervisory official."  *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).  Thus, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district:  the district of confinement."  *Id.* at 443; *see also* 28 U.S.C. § 2241(a) (stating that "[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions").  When a case is filed in the wrong district, the district court must "dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  28 U.S.C. § 1406(a).

Petitioner is incarcerated at the United States Prison in Leavenworth, Kansas where respondent Nicole English is the warden.  Because warden English is located outside this Court's geographical boundaries, the Court has no jurisdiction over her.  The proper venue is the District of Kansas where Petitioner is confined.  Accordingly, in

the interest of justice, the Court orders the Clerk of the Court to transfer this case to the District of Kansas.

                                                  s/ Nancy G. Edmunds  
                                                  NANCY G. EDMUNDS  
                                                  United States District Judge

Dated: 11/2/17

## CERTIFICATION

I hereby certify that a copy of this order was served upon counsel of record on this 2nd day of November, 2017 by CM/ECF and/or regular U.S. Mail.

                                                  s/ Carol J Bethel  
                                                  Case Manager