# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**GHAZI MANNI,**

    **Petitioner,**

    v.                                  **CASE NO. 17-3192-JWL**

**NICOLE ENGLISH, Warden,**
**USP-Leavenworth,**

    **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner is incarcerated with the Federal Bureau of Prisons ("BOP") at USP-Leavenworth in Leavenworth, Kansas ("USPL"). Petitioner filed the petition in the Eastern District of Michigan, and the case was transferred to this Court for proper jurisdiction in the district of confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement").

Petitioner challenges the calculation of his federal sentence. The Court issued an Order to Show Cause (Doc. 5), Respondent filed an Answer and Return (Doc. 12), Petitioner filed a Traverse (Doc. 13), and the matter is ready for resolution. The Court finds that Petitioner does not allege facts establishing a federal constitutional violation and denies relief.

**I. Facts**

Petitioner was arrested on November 3, 2007 and October 9, 2008, by the Detroit Police Department in Case Nos. 07-023554-01-FH and 09-003976-FH, and was released on bond in each case on the same day he was arrested. Because one case was subsequently dismissed and

Petitioner was acquitted in the other case, he did not receive prior custody credit at that time for his time in custody.

On May 11, 2009, Petitioner was arrested by the FBI pursuant to Case No. 09–CR–20193 in the United States Eastern District of Michigan ("Case No. 20193") and released on bond the same day.  On September 20, 2011, Petitioner was arrested by the United States Marshals Service ("USMS") pursuant to Case No. 13–CR–20224 in the Eastern District of Michigan ("Case No. 20224") and released on September 21, 2011.

Petitioner made his initial appearance in Case No. 20224 on April 3, 2013, and was released on bond the same day.  The docket in Case No. 20224 reflects that a guilty jury verdict was entered on July 3, 2013, and Petitioner's bond was revoked pending sentencing.  At the conclusion of the bond revocation hearing, Petitioner was remanded to the custody of the USMS.  Case No. 13–CR–20224–MAG–RSW (E.D. Mich.), Doc. 31, at 1.  On July 9, 2014, Petitioner was sentenced to eighty-seven months imprisonment in Case No. 20224 for Felon in Possession of a Firearm and Felon in Possession of Ammunition (the "First Sentence").  Doc. 12–1, at 29–33.  Petitioner appealed his conviction and sentence to the United States Court of Appeals for the Sixth Circuit.

On December 9, 2014, Petitioner and the government entered into a Rule 11 Plea Agreement for Petitioner's three additional criminal cases pending in the Eastern District of Michigan—Case Nos. 14–CR–20749, 09–CR–20192 and 09–CR–20193.  These cases involved sports bribery and government program fraud.  The Plea Agreement provides in part that:

> **3.  Sentence**
> The Court will impose the sentences pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

> **A. Imprisonment**
> The parties agree that notwithstanding the sentencing guidelines range, a sentence in each of these cases of no more than 70 months, with credit for time served beginning July 3, 2013, concurrent with the sentence imposed on Mr. Manni in case number 13-20224, is adequate to address the factors the Court is required to consider under section 3553. Therefore, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentences of imprisonment in this case may not exceed this limit.
>
> * * * *
>
> **4.     Case Number 13cr20224**
> Following Mr. Manni's pleas of guilty in accordance with this agreement, the government and Mr. Manni will stipulate that case number 13-20224 be remanded to the district court for purposes of resentencing. Following remand the parties will stipulate that the correct sentencing guidelines range in that case is 70–80 months in custody. The parties agree that on remand the sentence in that case will not exceed 70 months in custody.
> * * * *
> If, on remand of case number 13-20224, Mr. Manni receives a sentence no greater than 70 months in custody, he waives his right to appeal his conviction and his sentence in that case.

*See* Case No. 09–CR–20192–MAG–RSW (E.D. Mich.), Doc. 223, p. 7, 8, 13–15.

On December 12, 2014, Petitioner and the government filed a Joint Motion to Remand for Resentencing in Petitioner's appeal of Case No. 20224 pending in the Sixth Circuit Court of Appeals. The Joint Motion provides that after sentencing, Petitioner's new counsel noticed that there was a mistake in his base offense level, and if the correct level is substituted, the advisory sentencing guideline range is seventy to eighty-seven months in custody. The parties agreed that "this plain error necessitates resentencing." Doc. 1–2, at 1–2. The Joint Motion further provides that:

> Defendant and government have reached agreement to resolve three additional pending cases. Part of that agreement is that the government will agree to move for a remand in this appeal, that the government will recommend that defendant be sentenced to the bottom of the new guidelines range, and that defendant will give

3

>up his appeal of his conviction in this case. The Court should remand this case to the district court for a new sentencing hearing at which the government will recommend a sentence of imprisonment of 70 months.

*Id*. at 2. On March 17, 2015, the Sixth Circuit granted the parties' motion, vacated Petitioner's sentence and remanded to the district court for resentencing.

The government filed a single sentencing memorandum for Case Nos. 20224, 20192, 20193 and 20749, stating that "the government recommends that if the Court accepts the plea agreement it then sentence Mr. Manni to 70 months of incarceration." Case No. 20224, Doc. 78. All four cases were set for a single sentencing hearing on June 16, 2015. On that date, the court accepted the Rule 11 Plea Agreement and sentenced Petitioner in all four cases.

Petitioner was sentenced to seventy months in Case No. 20224 (the "Amended First Sentence"). The Amended Judgment for Case No. 20224 states: "Counts 1 and 2 \*\*70 months on each count to run concurrent with Docket Numbers 14-CR-20749; 09-CR-20192; 09-CR-20193. Defendant shall be given credit for time served since July 3, 2013." Doc. 12–1, at 36–37. Petitioner was also sentenced in the three additional cases (the "Second Sentence"). The Judgments in Case Nos. 20749, 20192 and 20193 provide for sentences of 70 months (20749) and 60 months (20192 and 20193) and all state: "The Court hereby orders Docket Numbers 14-CR-20749; 09-CR-20192; 09-CR-20193 to run concurrent with one another and with any discharged term of custody on Docket Number 13-CR-20224. Defendant shall be given credit for time served since July 3, 2013." Doc. 12–1, at 45–46, 53–54, 61–62.

The BOP evaluated Petitioner's federal sentence based on a seventy-month term of imprisonment imposed in the Amended First Sentence on July 9, 2014, and three other terms of imprisonment for sixty, sixty and seventy months imposed in the Second Sentence on June 16, 2015, all to run concurrent with each other and with the "*discharged* term of custody" for Case

4

No. 20224. The orders were interpreted by the BOP as ordering the three cases to run concurrent with the "undischarged" term in Case No. 20224.[1]

On November 15, 2017, the Designation, Sentence and Computation Center ("DSCC") sent a letter to the sentencing judge seeking clarification on the sentences imposed on June 16, 2015. Doc. 12–1, at 71. The DSCC's letter states:

> Pursuant to 18 U.S.C. § 3585(a) and Bureau of Prisons policy, a federal sentence may not commence earlier than the date on which it is imposed. The Bureau of Prisons has computed Mr. Manni's 70 month sentence in 13-CR-20224 as commencing on July 9, 2014, which was the original date he was sentenced. To commence the sentence in 14-CR-20749, 09-CR-20192 and 09-CR-20193 with the discharged term of custody in 13-CR-20224 would require beginning those sentences prior to the date of imposition. The remaining three cases are computed as commencing on June 16, 2015, and running concurrent with the undischarged portion of the sentence imposed in 13-CR-20224. All sentences were aggregated in accordance with statute and Bureau of Prisons policy. Mr. Manni was also credited with prior custody credit from July 3, 2013, through July 8, 2014. This has resulted in an overlap of 11 months and 8 days between the original sentence date and the sentences imposed in June 2015. Mr. Manni has a current projected release date of May 21, 2019, via Good Conduct Time Release.
> 
> If it was the Court's intent in sentencing Mr. Manni on all cases that he serve a total term no longer than the undischarged portion remaining in 13-CR-20224 on June 16, 2015, the Bureau requests clarification. If however, there was a clerical error in the Order requiring the sentences to run concurrent with the discharged portion of the term imposed in 13-CR-20224, the Bureau will compute the sentences as indicated above.

Doc. 12 – 1, at 72. The letter also enclosed a copy of Petitioner's sentence computation.

On December 11, 2017, the sentencing judge responded to the letter, stating that he had reviewed the information regarding Petitioner's sentencings and it was his "intention that the

---

[1] Respondent alleges that this was to Petitioner's advantage, because otherwise the three cases would have run consecutive to the undischarged portion of the sentence in Case No. 20224.

sentences in the cases 09-20192, 09-20193, and 14-20749 run concurrent with each other and concurrent with the undischarged portion of the sentence in 13-20224." Doc. 12–1, at 73.

The BOP calculates Petitioner's sentence as an aggregate eighty-one month and seven-day term of imprisonment and a three-year term of supervision. The BOP calculates Petitioner's prior custody credit at 377 days for time spent in prior custody—November 3, 2007 (one day), October 9, 2008 (one day), May 11, 2009 (one day), September 20 and 21, 2011 (two days), April 3, 2013 (one day), and from July 3, 2013 through July 8, 2014 (371 days). After applying Petitioner's prior custody credit to his aggregate sentence, the BOP calculates Petitioner's expiration of his full term date as April 3, 2020, with a projected release date of May 21, 2019, via good conduct time release.

### III. Discussion

#### 1. Exhaustion

Generally, a federal prisoner must exhaust available administrative remedies before commencing a habeas corpus petition under 28 U.S.C. § 2241. *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The BOP's four-part administrative remedy program is codified at 28 C.F.R. § 542. Respondent acknowledges that Petitioner has exhausted his administrative remedies with respect to the issues presented in his Petition. Doc. 12, at 3.

#### 2. Standard of Review

To obtain habeas corpus relief, an inmate must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S. C. § 2241(c)(3).

#### 3. Sentence Computation

Petitioner alleges that the BOP improperly calculated his federal sentence. Petitioner alleges that "the BOP has miscalculated a 70-month sentence imposed on remand [ ], by

erroneously aggregating the 70-month term with a vacated term to arrive at a sentence of over 81 months." Doc. 1, at 2. Petitioner alleges that the BOP incorrectly aggregated his sentences such that his sentence equals eighty-one months and seven days, extending his prison term to more than the sentencing court intended.

The BOP, in calculating a sentence, first establishes the commencement date, governed by 18 U.S.C. § 3585(a); and second, determines credit for time already spent in custody, governed by 18 U.S.C. § 3585(b). In accordance with statute, the BOP determines the date a federal sentence commences as the date in which "the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). The earliest time a sentence can commence is the date of imposition of the federal sentence. *See Isles v. Chester*, Case No. 08–3028–RDR, 2009 WL 1010553, at *4 (D. Kan. April 15, 2009) (citing *DeMartino v. Thompson*, 1997 WL 362260, at *2 (10th Cir. July 1, 1997) ("Logically, [a federal sentence] cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.")).

When a judgment is vacated solely for the purpose of resentencing, the sentence is deemed to run from the same date as the original sentence. *See Blood v. Bledsoe*, 648 F.3d 203, 208–09 (3d Cir. 2011) (holding BOP appropriately treated the inmate's sentence on remand as commencing from the date of the initial sentence when the sentence has been vacated, but the underlying convictions are undisturbed); *see also Sperow v. Williams*, Case No. LA CV 14–6913 DMG (JCG), 2015 WL 10567829, at *2 (C.D. Cal. Sept. 23, 2015) (where sentence was vacated and remanded for resentencing, sentence was deemed to run from same date as original sentence); *see also* Program Statement 5880.28, *Sentence Computation Manual (CCCA of 1984)*

("PS 5880.28"), p. 1-18 ("If an SRA term is vacated solely for the purposes of a resentencing, then the date the sentence begins will be the same as the original computation.").[2]

If the prisoner is serving another federal sentence at the time a new sentence is imposed, then 18 U.S.C. § 3584 (Multiple sentences of imprisonment) must be followed. *See id.,* p. 1-12. "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c); *see* P.S. 5880.28, p. 1–33. Thus, the BOP aggregates the sentences as follows to form a single sentence for computation purposes:

> A concurrent aggregation of two sentences is calculated by first adding the original term to the date the sentence was imposed, producing a full term date [hereinafter "raw EFT"]. Then the second term is added to the date it was imposed (usually a later date), thus creating the raw EFT of the second term. The raw EFT date of the first sentence is then subtracted from the raw EFT date of the second term, which equals the "overlap" between the two terms. The length of the original sentence is then added to the overlap in order to produce the total aggregate length of the two sentences. *See* P.S. 5880.28 at pp. 1-36–1-37. Once aggregated, credit towards the service of a term of imprisonment pursuant to 18 U.S.C. § 3585(b) is determined.

Doc. 12–1, at 7 (Declaration of Alan Ray, Management Analyst, dated Dec. 13, 2017, ¶ 20) (citing Program Statement 5880.28).

The BOP calculated the raw EFT for the 70-month sentence deemed imposed in Case No. 20224 on July 9, 2014, to be May 8, 2020. *See* Doc. 12–1, at 74 (Ex. M). Because a sentence cannot begin before the date it is imposed, the BOP calculated the raw EFT for the 70-month sentence imposed in Case No. 20749 (the longest of the concurrent sentences imposed on June 16, 2015), to be April 15, 2021. *See id.* The overlap between these two sentences is 11

---

[2] A Program Statement is an "internal agency guideline," which is "akin to 'an interpretive rule'" and is entitled to some deference if it is a "permissible construction of the statute." *See Reno v. Koray*, 515 U.S. 50, 60 (1995) (citations omitted).

months and 7 days.³  Therefore, the BOP calculated the total length of Petitioner's single, aggregated sentence at 81 months and 7 days (70 months + 11 months and 7 days) with a raw EFT date of April 15, 2021.

The second step in the BOP's computation involves a determination of whether a defendant is entitled to any credit for time spent in custody prior to the commencement of the sentence.  Prior custody credit is provided for in Section 3585(b), which states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>   (1) as a result of the offense for which the sentence was imposed; or
>   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Petitioner received 377 days total prior custody credit for his time spent in custody on November 3, 2007 (1 day), October 9, 2008 (1 day), May 11, 2009 (1 day), September 20 and 21, 2011 (2 days), April 3, 2013 (1 day), and from July 3, 2013 through July 8, 2014—the day before the imposition of his First Sentence—(371 days).  After applying Petitioner's prior custody credit to his aggregate sentence, the BOP calculated Petitioner's expiration of his full term to be April 3, 2020.  Doc. 12–1, at 74.  Projecting 318 days of earned GCT, the BOP projects a May 21, 2019 release date for Petitioner.  Doc. 12–1, at 13.

Because the First Sentence was vacated solely for the purpose of resentencing, the commencement date for the Amended First Sentence is calculated as the same date as the

---

³ While the worksheet indicates an 11-month and 8-day overlap, the asterisk indicates the calculation includes the May 8, 2020 date, which would be the last day served on the first sentence, prior to taking into account the overlap of the two sentences. *See* Doc. 12–1, at 74 (Ex. M).  Since any time served on May 8, 2020, would be included in the time served on the first sentence, the overlap is actually only eleven months and seven days, which was the time frame used in the remaining calculations on the worksheet. *Id.*

original imposition of the First Sentence—July 9, 2014.  The Amended First Sentence was therefore already running when the concurrent seventy-month Second Sentence was imposed on June 16, 2015.  *See DeMartino v. Thompson*, 116 F.3d 1489, 1997 WL 362260, at *2 (10th Cir. July 1, 1997) ("[A] federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner.  Rather, the second sentence runs together with *the remainder* of the one then being served.") (citing *Shelvy v. Whitfield*, 718 F.2d 441, 444 (D.C. Cir. 1983)) (emphasis in original).

Petitioner suggests that the BOP's calculation does not account for the language in the June 16, 2015 Judgments ordering credit for time served since July 3, 2013.  Petitioner has not alleged that he was in pretrial detention from July 9, 2014 to June 16, 2015, rather than serving his First Sentence.  If Petitioner was in custody serving his First Sentence, rather than awaiting trial on the other pending cases, it is artificial to maintain that custody retains its preconviction character.  *See Doan v. Lamanna,* 27 F. App'x. 297, 299 (6th Cir. 2001) (holding that petitioner was not entitled to sentencing credit under 18 U.S.C. § 3585(b) for his second sentence, because he was in federal custody for a separate federal sentence and not for the pendency of his second sentence); *see also Alcantara v. Hollingsworth*, 186 F. Supp. 3d 332, 336–41 (D. N.J. 2016) (distinguishing cases based on whether or not petitioner was sentenced both times in the same federal district, and finding that for petitioners with both cases in the same district it is arguable that the petitioner was awaiting designation to the BOP while he remained in custody in the same district after his first sentencing).

In *Mitchell v. Story*, petitioner challenged his sentence calculation after he was sentenced to 57 months on February 12, 1990, and to 207 months concurrent with his 57 month sentence on December 13, 1990.  *Mitchell v. Story*, 68 F.3d 483, 1995 WL 610879 (10th Cir. Oct. 18, 1995)

(unpublished opinion). The Tenth Circuit held that the BOP properly determined that his 57-month sentence began on February 12, 1990 because he was remanded on that day to the custody of the USMS to await transfer to a detention facility. *Id.* at *2. Petitioner was awarded pre-sentence confinement credit against his 57-month sentence for the time he was in custody up until February 11, 1990—the day before he was sentenced. *Id*. The Tenth Circuit held that to the extent Petitioner was seeking sentence credit for the period between his first and second sentencing dates, the BOP properly credited Petitioner for that confinement in its calculation of Petitioner's total sentence of imprisonment where he was earning credit toward his aggregate sentence during that time. *Id*.

In *Isles v. Chester*, the petitioner argued that the BOP failed to give him proper presentence credit in accordance with the sentencing judge's oral pronouncement at sentencing. *Isles v. Chester*, No. 08–3028–RDR, 2009 WL 1010553, at *3 (D. Kan. April 15, 2009). The Court found that because petitioner received credit for the time toward his state sentence, "the BOP was statutorily precluded from granting him prior custody credit toward his federal sentence for that time." *Id*. at *4. The Court noted that the last clause of § 3585(b) prohibits double sentencing credit. *Id*. at *4–5 (citing *Torres v. Brooks*, 2000 WL 158963 (10th Cir. Feb. 15, 2000) (petitioner not entitled to credit for time spent in state custody prior to commencement of his federal sentence notwithstanding statement by federal sentencing judge that petitioner should be credited for those days; § 3585(b) prohibits such double credit). The Court noted that "[c]oncurrent sentences normally mean that the sentence being imposed will run concurrently with the undischarged portion of a previously imposed sentence." *Id*. at *5 (citations omitted). The Court also noted that "[t]he phrase 'to run concurrent with' evidences

the sentencing court's intent to allow the BOP to perform its normal calculations for concurrent sentences." *Id*. at *6.

The Court in *Isles* rejected petitioner's argument that his sentence credit should be based upon the actual intent of the sentencing judge as expressed at his oral declaration, and that the BOP's denial of credit for this time is contrary to that intent. *Id*. The Court found that the record did not reflect an intent to award retroactive credit, nor did petitioner allege that his federal plea agreement contained any promise regarding retroactive prior custody credit. *Id*. at *6; *see also Mezheritsky v. Duncan*, No. CV 08–641–TUC–FRZ (HCE), 2010 WL 3834657, at *6 (D. Ariz. May 25, 2010) (finding that even assuming sentencing court had discretion to make sentence retroactively concurrent with another sentence, written judgment reflected no such indication).

The Court in *Isles* noted that the BOP may write to a sentencing judge for clarification, although that method did not appear to be utilized in that case. *Isles*, 2009 WL 1010553, at n.12. In contrast, that method was utilized in this case. The BOP wrote to the sentencing judge for clarification. The sentencing judge was provided with the BOP's calculation of Petitioner's sentence. The letter stated that "[i]f it was the Court's intent in sentencing Mr. Manni on all cases that he serve a total term no longer than the undischarged portion remaining in 13-CR-20224 on June 16, 2015, the Bureau requests clarification." The sentencing judge responded to the letter, stating that he had reviewed the information regarding Petitioner's sentencings and it was his "intention that the sentences in the cases 09-20192, 09-20193, and 14-20749 run concurrent with each other and concurrent with the undischarged portion of the sentence in 13-20224." Doc. 12–1, at 73.

In light of this clarification, the Court cannot find that the BOP miscalculated Petitioner's aggregated sentence. Any argument that there was a mistake at resentencing would constitute an

attack on the validity of the sentence itself rather than an attack on the execution of the sentence. Such a claim must be brought pursuant to 28 U.S.C. § 2255. *See Eldridge v. Oliver*, No. 15–cv–02503–GPG, 2016 WL 815354, at *2 (D. Colo. March 2, 2016) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("Where the alleged errors occurred at or prior to sentencing, the appropriate remedy is § 2254 and not § 2241")).

**IT IS THEREFORE ORDERED BY THE COURT** that this petition for writ of habeas corpus is **denied**.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 9th day of January, 2018.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
